## LEVI COLEMAN v. THE STATE.

### No. 2140.   Decided May 1, 1901.

**1.—Continuance—Sickness of Leading Counsel.**

An application for continuance on account of the sickness of leading counsel will not be granted where such sickness is produced by the voluntary use of intoxicating liquor, and it further appeared that defendant was represented by able counsel whom he had previously employed.

**2.—New Trial—Witness Not Sworn.**

A new trial will not be granted because a State's witness who testified was not sworn. Such complaint comes too late after a verdict.

Appeal from the District Court of Smith. Tried below before Hon. J. G. Russell.

Appeal from a conviction of murder in the second degree; penalty, twelve years imprisonment in the penitentiary.

The appellant was charged by indictment with the murder of Jose Roberson, on the 19th day of October, 1900, by shooting him with a pistol.

The evidence, as recorded in the statement of facts, is most voluminous. The essential facts immediately attendant upon the killing may be stated very briefly. Appellant and deceased, Jose Roberson, were negroes and cousins. They had never had a previous difficulty of any kind. Both lived several miles east of the town of Troupe, and in going to and from said town to their respective homes they traveled the same road a greater portion of the way from a fork in the road a short distance from their homes. Both parties had been to Troupe that day, and late in the afternoon deceased, Roberson, started home in his wagon driving a mare and a mule. Some time after he started appellant and Nath Brown and Nath Brown's son, who were all on horseback, started

for home on the same road. These parties had been drinking some and seemed to be in a hilarious condition, as they were heard hallooing, and seen riding fast. Some two or three miles out on the road they ran their horses by deceased's wagon and frightened his team, which went on after them at a rapid gait. When appellant and the Browns had reached the forks of the road they took the road leading to their homes, but went only a short distance, when, from some cause not clearly explained by the record, they stopped. In a very short time deceased came up in his wagon and he also stopped on his road just after he had passed the fork. He called to Nath Brown and demanded to know of him why they had run by him on the public road and frightened his team as they had. He threatened to prosecute them for violating the law in racing along a public highway. This brought on a sharp wordy contest between the parties, when defendant, Coleman, said to deceased, Roberson, that he could whip him before three hells could scorch a feather. Roberson said he would like to see him do it, and with that jumped from his wagon to the ground; and Coleman, at the same time dismounted from his horse and both parties advanced upon each other, when Coleman drew his pistol from his bosom and fired; and fired the second shot as Roberson was returning to his wagon. As Roberson attempted to step up on his wagon he fell backwards to the ground and died in a very short time thereafter without ever speaking. It was found afterwards that one of the shots had entered below the heart. Appellant immediately mounted his horse and left; and some time afterwards was arrested in the State of Louisiana and brought back for trial for the murder. He testified at the trial that he shot Roberson because Roberson was advancing on him with a drawn knife, and attempted and did actually cut him with it, cutting his clothing. The State proved, on the other hand, that no knife or any other weapon was found on the body of Roberson or the ground at the place of the killing. The questions discussed in the opinion are fully illustrated therein and need no further statement.

*B. B. Beaird,* for appellant.

*Rob't A. John,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted of murder in the second degree, and his punishment assessed at confinement in the penitentiary for a term of twelve years, and he appeals.

Appellant applied for a continuance of the case on account of the absence of a witness and the absence of his leading counsel, J. A. Bullock. The witness was present in court, and so this question is eliminated. The application shows that Bullock was sick. The contesting affidavit of the district attorney shows that his sickness was voluntarily produced by reason of the use of intoxicating liquor, and the court's explanation to the bill shows that the sickness of Bullock was produced by the voluntary use of intoxicating liquors. It also appears from the explana-

tion of the court that appellant had the services of able counsel during the trial of the case, whom he had previously employed. The action of the court overruling the continuance on this ground was not error. Mixon v. State, 36 Tex. Crim. Rep., 66; Ryan v. State, (Texas Crim. App.) 35 S. W. Rep., 288; Stockholm v. State, 24 Texas Crim. App., 598.

In his motion for new trial, appellant alleged that one R. O. Collier, who was introduced by the State, and testified as a witness, was not sworn, and that this was unknown to his counsel until after the trial. This is supported by the affidavit of R. O. Collier to the effect that he was not sworn, and by his attorney, B. B. Beaird, to the effect that he did not notice Collier was not sworn. There is also appended to the motion the testimony of said Collier. This witness was not present at the time of the homicide, but came to the body several hours after deceased was killed, and he testified to the condition of the body then and finding a knife in the pocket. The testimony of this witness does not appear to us to have been material. He testified that John Messer, Jim Rankin, and Nath. Brown and others were present when he went to the body; but no effort was made by appellant to contradict him by any of these witnesses. Indeed there does not appear to have been any controversy about his testimony. But if there had been, it does not appear, under the decisions of this court, that he would be entitled to a new trial because the witness was not sworn. Goldsmith v. State, 32 Texas Crim. Rep., 112. While the statute requires witnesses to be sworn, yet this is a right that appellant may waive as he can waive any right except the trial by jury when he has entered the plea of not guilty. If he desired the witness sworn, diligence required that he should see to this during the trial. It is too late after verdict to complain. The evidence is sufficient to support the verdict. The judgment is affirmed.

*Affirmed.*

[Note.—Appellant's motion for rehearing was overruled without a written opinion.—Reporter.]