**Richard Earl JACKSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 45858.

Court of Criminal Appeals of Texas.

March 14, 1973.

Rehearing Denied May 1, 1973.

———◆———

Buddy Stevens, Houston, for appellant.

Carol S. Vance, Dist. Atty., and Phyllis Bell and Ronald G. Woods, Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

This appeal is from a conviction for the offense of robbery by assault; punishment was assessed by the jury at 18 years confinement.

The sufficiency of the evidence is not challenged. The only ground of error on appeal is the contention that a mistrial should have been granted, during the punishment stage of the trial, when appellant was not identified as the same Richard Earl Jackson who had previously been convicted of theft-from-person and received a five year probated sentence.

The record reflects that at the penalty stage of the trial Billy Owens, a Deputy District Clerk of Harris County, was called as a witness by the state. He produced a certified copy of a judgment and sentence in a cause showing that a Richard Earl Jackson had been convicted of theft-from-person, in Harris County, and received a five year sentence, probated. The witness was unable to identify appellant as being that same person.

A Harris County Adult Probation Officer was called as a witness and he too was unable to identify appellant as being the same person that was on probation on the theft-from-person conviction. His files showed that he had interviewed a Richard Earl Jackson twice, but he was not appellant's regular probation officer.

The court then sustained objection to the testimony of these two witnesses and instructed the jury to disregard their testimony. A motion for a mistrial was overruled.

Appellant argues that the court's instruction could not cure the error and relies on Vessels v. State, Tex.Cr.App., 432 S.W.2d 108, where it is stated:

"While such certified copies of the judgments and sentences were clearly admissible if appellant's identity had been established, their mere introduction standing alone was not sufficient to identify the appellant as the person so formerly convicted. In light of the objection, the State's failure to go further and show by independent testimony that appellant was the identical person convicted under each of the ten judgments and sentences constitutes reversible error."

Unlike Vessels v. State, supra, the objection in the case at bar was sustained.

The record fails to show any bad faith on the part of the prosecution. We hold that the instruction cured the error.

The judgment is affirmed.