**Allan BECK, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 1091–85.**

Court of Criminal Appeals of Texas, En Banc.

Nov. 5, 1986.

Scott E. Segall, Dick Stengel, El Paso, for appellant.

Steve W. Simmons, Dist. Atty. and David Clay Cowan and Abe P. Hernandez, Jr., Robert Dinsmoor, Asst. Dist. Attys., El Paso, Robert Huttash, State's Atty. and Alfred Walker, First Asst. State's Atty., Austin, for the State.

## OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

ONION, Presiding Judge.

This is an appeal from a conviction for the second-degree felony offense of escape under V.T.C.A., Penal Code, § 38.07(d). The punishment was assessed by the jury at 20 years' imprisonment. The conviction was reversed by the Court of Appeals in an unpublished opinion holding, inter alia, that evidence of a prior conviction was offered at the penalty stage upon the unsworn testimony of the fingerprint expert, Sergio Lopez; that a witness' oath is a fundamental and essential requirement for testimony of such witness to have any binding effect; and that without sworn testimony the State's connective link between the appellant and the pen packet was not viable. Ground of error number two was sustained. *Beck v. State* (Tex.App.—El Paso, No. 08–82–00084–CR, August 21, 1985).

We granted the State's petition for discretionary review to determine the correctness of such decision.

Here the procedural history of the case should be briefly noted. On original appeal the conviction was reversed. *Beck v. State*, 647 S.W.2d 55 (Tex.App.—El Paso 1983). The Court of Appeals held that the indictment was defective. However, in passing, the Court of Appeals overruled ground of error number two, holding that the appellant waived any error by failing to timely object to the lack of an oath on the part of the witness Lopez.

Following the granting of the State's original petition for discretionary review this Court held that the indictment was sufficient and reversed the judgment of the Court of Appeals and remanded the cause for consideration of appellant's other grounds of error. *Beck v. State*, 682 S.W.2d 550 (Tex.Cr.App.1985).

On remand the Court of Appeals changed its mind on ground of error number two and again reversed the conviction but this time in an unpublished opinion. The stated reason for the change was an unpublished opinion of this Court handed down after the Court of Appeals' original opinion. See *Jimenez v. State* (Tex.Cr. App. No. 1022–83, July 10, 1985). The Court of Appeals recognized that *Jimenez*, being an unpublished opinion, had no precedential value and could not serve as authority but relied for its new decision upon the authorities cited in *Jimenez*. See Articles 38.01, 38.02 and 38.06, V.A.C.C.P.; 41 Tex. Jur.2d, Oath and Affirmation, § 1 (1963); 61 Tex.Jur.2d, Witnesses, § 125 (1963).

It is important to observe the exact language of the said ground of error number two. Appellant urged "The trial court errored (sic) in admitting to evidence a pen packet that was not shown to be the same person as appellant (sic)."

This stated ground of error is somewhat in line with the objection made at trial and upon which appellant relies. It is clear appellant is attacking the admission into evidence the pen packet (State's Exhibit No. 18).

On the original appeal the Court of Appeals stated: "In Ground of Error No. Two, appellant contends that evidence of a prior conviction was *offered* during the

punishment phase *through the unsworn testimony of a police witness.*" (Emphasis supplied.) Following remand the Court of Appeals in its unpublished opinion stated: "In Ground of Error No. Two appellant contends that evidence of a prior conviction was *offered* at the punishment stage *upon the unsworn testimony of fingerprint examiner Sergio Lopez.*" (Emphasis supplied.)

Ground of error number two refers to the admission of a pen packet "that was not shown to be the same person as appellant." The Court of Appeals changed the contention to "evidence" offered "upon" or "through the unsworn testimony" of Lopez. The Court of Appeals misread and mischaracterized the ground of error.

It is important then to examine exactly what happened at trial. At the commencement of the guilt stage of the trial the Rule was invoked. It appears that the witnesses were not then present so they were not sworn as a group. Thereafter the transcription of the court reporter's notes reflect that as each witness was called the witness was sworn by the court. At the commencement of the penalty stage of the trial the parties responded to the court's inquiry they were ready to proceed. The record then reflects:

"THE COURT: All right. Go ahead.

"MR. BRAMBLETT (Prosecutor): The State will waive opening statement and call our first witness.

"THE COURT: Any evidence?

"MR. BRAMBLETT: Yes, Your Honor.

"THE COURT: Okay. Well, go ahead and present your evidence then.

"(Thereupon, a person walks into the courtroom and proceeds to take fingerprints of the Defendant in the presence of the jury.)

"(Thereupon, State's Exhibit Eighteen was marked for identification.)

"(Thereupon, said exhibit, State's Exhibit Eighteen, was handed to Defense Counsel, Mr. Segall.)

"(Thereupon, said exhibit, State's exhibit Eighteen, was handed to Mr. Leeds [Prosecutor].)

"Thereupon,

"*SERGIO LOPEZ,*

"(Witness not sworn.)

"DIRECT EXAMINATION

"BY MR. LEEDS:

"Q. Would you, please, state your name?

"A. My name is Sergio Lopez.

"Q. Mr. Lopez, how are you employed?

"A. I am a detective with the Identification Bureau of the El Paso Police Department."

There was no objection to the fact that Lopez, the first witness at the penalty stage of the trial, had not been sworn as a witness. Lopez's qualifications as a fingerprint expert were established. He testified that he had personally taken appellant's fingerprints and placed them on State's Exhibit No. 19, and had compared these known prints with the fingerprints in the pen packet, State's Exhibit No. 18, and the prints had been made by the same individual. Appellant did not cross-examine Lopez. When State's Exhibit No. 19 was then offered, appellant simply objected "as no proper predicate has been laid for its introduction." The objection was overruled. The State then called an attorney who was duly sworn. Said witness was an assistant city attorney currently acting as legal advisor to the El Paso Police Department. He testified as to pen packets generally, and as to State's Exhibit No. 18 specifically as to what it contained. He was briefly cross-examined. At the conclusion of his testimony the record reflects:

"MR. LEEDS: Your Honor, at this time the State would offer into evidence State's Exhibit Eighteen.

"MR. SEGALL (Defense Counsel): *Your Honor, there has been no proper basis for the entry of State's Exhibit Number Eighteen. There has been no sworn testimony that it is the same man as this man here before the Court.*

"MR. LEEDS: Your Honor, Mr. Lopez just testified that the fingerprints were identical.

"THE COURT: All right. It will be admitted into evidence.

"MR. LEEDS: Thank you.

"(Thereupon, State's Exhibit Eighteen was admitted into evidence.)" (Emphasis supplied.)

Thereafter, both sides rested and closed.

During argument at the penalty stage of the trial appellant's counsel argued:

"Now, what do we know about him other than he appears to be over forty years of age? All right. Well, you have this pen packet which alleges that back in 1972 he was convicted of acquisition of property by threat over $50.00, which an unsworn witness said was him. Ladies and gentlemen, you cannot consider this—

"MR. LEEDS: Excuse me, Counselor. Your Honor, that witness was sworn by the Court.

"MR. SEGALL (Defense Counsel): No, sir. We have checked with the Court Reporter. He was not.

"THE COURT: All right. Fine.

"MR. SEGALL: You can't consider it. It's not properly before you.

"MR. LEEDS: Excuse me, Counselor. Your Honor, that's a misstatement of the evidence. The Court ruled that those exhibits were admitted into evidence.

"THE COURT: In the absence of any objection, that may have been a waiver, so, go ahead, Mr. Segall.

"MR. SEGALL: Thank you...."

The court let stand the argument of appellant's counsel that the evidence of the prior conviction was not properly before the jury as well as counsel's instruction for the jury not to consider such evidence.

After the jury retired to deliberate, appellant's counsel asked to make a bill of exception. In the colloquy that followed appellant's counsel insisted that Lopez and the assistant city attorney had not been sworn. The court insisted he had sworn the latter, and counsel agreed but stated:

"... Not the fingerprint expert." The Court responded: "Fine, all right." The mistrial motion then made was overruled.

■ Appellant's objection and ground of error are addressed to the admission of the pen packet (State's Exhibit 18). We have consistently held that a prior conviction alleged for enhancement or a conviction as a part of prior criminal record of a defendant under Article 37.07, V.A.C.C.P., may be established by certified copies of a judgment and a sentence and authenticated copies of the Texas Department of Corrections records including fingerprints, supported by expert testimony identifying them as identical with known prints of the defendant. *Vessels v. State*, 432 S.W.2d 108 (Tex. Cr.App.1968); *Blake v. State*, 468 S.W.2d 400 (Tex.Cr.App.1971); *Babcock v. State*, 473 S.W.2d 941 (Tex.Cr.App.1971); *Alvarez v. State*, 536 S.W.2d 357 (Tex.Cr.App.1976); *Bullard v. State*, 548 S.W.2d 13 (Tex.Cr. App.1977); *Rios v. State*, 557 S.W.2d 87 (Tex.Cr.App.1977); *Daniel v. State*, 585 S.W.2d 688, 690 (Tex.Cr.App.1979) and cases there cited. Such procedure has been approved since it complied with Article 3731a, V.A.C.S., in effect at the time of appellant's trial. See *Vessels*, supra; *Broussard v. State*, 363 S.W.2d 143 (Tex. Cr.App.1963).

While this may be the most popular method of proving prior convictions, either for enhancement of punishment, see V.T. C.A., Penal Code, § 12.42, or as part of an accused's "prior criminal record" under Article 37.07, V.A.C.C.P.; *Denham v. State*, 428 S.W.2d 814 (Tex.Cr.App.1968), it is only one method or way of proving prior convictions. *Daniel v. State*, supra; *Rascon v. State*, 496 S.W.2d 99, 102 (Tex.Cr.App. 1973); *Brumfield v. State*, 445 S.W.2d 732, 740 (Tex.Cr.App.1969).

■ Other methods include (1) testimony of a witness who personally knows the defendant and the fact of his prior conviction and identifies him. *Ward v. State*, 505 S.W.2d 832 (Tex.Cr.App.1974); (2) stipulations or judicial admission of a defendant. *Garza v. State*, 548 S.W.2d 55 (Tex.Cr.App.

1977); *Blake v. State*, supra. See also the method utilized in *Gollin v. State*, 554 S.W.2d 683 (Tex.Cr.App.1977). Certainly these methods cannot be said to be exclusive of proving prior convictions, *Gollin v. State*, supra, and further proof often includes the use of a combination of methods.

When certified copies of a judgment and sentence and the authenticated records of the Texas Department of Corrections or other penal institutions are used, these documents have been held admissible under Article 3731a, V.A.C.S., which was in effect at the time of appellant's trial. See *Phillips v. State*, 538 S.W.2d 116 (Tex.Cr.App. 1976); *Todd v. State*, 598 S.W.2d 286 (Tex. Cr.App.1980).

■ These documents, while admissible, are not normally sufficient standing alone to prove the prior convictions, *Phariss v. State*, 149 Tex.Cr.R. 406, 194 S.W.2d 1007 (Tex.Cr.App.1946); *Franklin v. State*, 154 Tex.Cr.R. 375, 227 S.W.2d 814 (Tex.Cr. App.1950); *Vessels v. State*, supra; *Cain v. State*, 468 S.W.2d 856 (Tex.Cr.App.1971); *Daniel v. State*, supra, and this is true even if the name on the judgment and sentence and in the pen packet is the same as the defendant in trial. *Elizalde v. State*, 507 S.W.2d 749, 752 (Tex.Cr.App. 1970). Cf. *Gollin v. State*, supra.

■ It is incumbent on the State to go forward and show by independent evidence that the defendant is the person so previously convicted. *Cain v. State*, supra; *Vessels v. State*, supra; *Daniel v. State*, supra. While this is frequently done by expert testimony identifying known prints of the defendant with the fingerprints in the pen packet, the necessary proof may come from the introduction of the pen packet and the testimony of the defendant. See *Peters v. State*, 575 S.W.2d 560 (Tex. Cr.App.1979); *Wright v. State*, 511 S.W.2d 313 (Tex.Cr.App.1974); *Davison v. State*, 510 S.W.2d 316, 319 (Tex.Cr.App.1974).

Even if a defendant's judicial admission is sufficient standing alone to support proof of a prior conviction, the State may still introduce a pen packet to support such proof. The same would be true of a witness who was present at the time of a defendant's conviction and identifies him as the person so previously convicted.

In *Haynes v. State*, 468 S.W.2d 375 (Tex. Cr.App.1971), cert. den. 405 U.S. 956, 92 S.Ct. 1180, 31 L.Ed.2d 233, it was held that record evidence of the conviction introduced the penalty stage of the trial by the State was supported by later evidence from the defendant's mother on cross-examination at the penalty stage and by an officer's testimony from the guilt stage of the trial.

■ When the authenticated copy of a pen packet is offered into evidence in an effort to prove a prior conviction as a part of a defendant's "prior criminal record" under Article 37.07, supra, it is not essential that the supporting evidence as to identification precede. Prior independent evidence is not mandated as a necessary prerequisite,[1] although a better practice. Language in *Vessels v. State*, supra, and *Rose v. State*, 507 S.W.2d 547, 548 (Tex.Cr.App. 1974), somewhat to the contrary is misleading. What these cases sought to convey was that the pen packet standing alone was not sufficient to show the prior conviction without independent supporting evidence, not that the admissibility of the evidence had to take a certain order in the trial of the case.

In the instant case the objection, when the State offered the pen packet, as to "no proper basis for entry ... no sworn testimony that it is the same man as this man here...." was not a valid objection as to the admission into evidence of the packet itself at that point of the trial. Its admission under Article 3731a, V.A.C.S., did not depend upon prior independent evidence as

---

1. In *Cain v. State*, 468 S.W.2d 856 (Tex.Cr.App. 1971), it was held that certified copies of judgments and sentences, etc., are admissible to prove prior convictions at the penalty phase of the trial, but it is incumbent on the State to go

further and show by independent testimony that the defendant was the identical person previously convicted. Cf. *Jackson v. State*, 493 S.W.2d 158 (Tex.Cr.App.1973).

a necessary predicate. At the time the State was still offering evidence at the penalty stage of the trial. The court was not in a position to know what other evidence the State or the appellant might offer. No later motion to strike or withdraw any evidence was made. The ground of error No. 2 based expressly on the allegedly improper admission of the pen packet is without merit.

Despite the assertion in the ground of error challenging only the validity of the admission into evidence of the pen packet, the Court of Appeals viewed the contention as one of insufficient evidence to prove the prior conviction. Reversing its earlier position in the first opinion, the Court of Appeals, in its unpublished opinion, held a witness' oath is a fundamental and essential requirement for testimony to have any binding effect, and that without sworn testimony the connective link between the appellant and the pen packet was not viable. The court then reversed the judgment of conviction because of insufficient evidence to establish the prior conviction offered as appellant's prior criminal record. There was no discussion of the necessity of objection or the possibility of waiver. In effect the court held that if the record shows the absence of an oath of a witness then his testimony is nullified.

The acknowledged basis for the shift in the Court of Appeals' position was an unpublished opinion of this Court, *Jiminez v. State*, (Tex.Cr.App. No. 1022–83—July 10, 1983),[2] which was handed down after the first opinion of the Court of Appeals [*Beck v. State*, 647 S.W.2d 55 (Tex.App.—El Paso

1983)]. The Court of Appeals recognized the non-authoritative nature of the *Jiminez* opinion, but professed to rely upon some of the authorities cited therein. These authorities[3] teach, at most, that a defendant has a constitutional and statutory right to have witnesses against him placed under oath. However, these authorities do not hold that such right, albeit a valuable one, can never be waived. It is well settled that almost every right, constitutional and statutory, may be waived by the failure to object. *Borgen v. State*, 672 S.W.2d 456 (Tex.Cr.App.1984); *Boulware v. State*, 542 S.W.2d 677 (Tex.Cr.App.1976); *Evans v. State*, 444 S.W.2d 641 (Tex.Cr.App.1969).

Early on in the history of this Court it was held that the objection that a State's witness was not sworn before testifying comes too late when raised for the first time on a motion for new trial. *Goldsmith v. State*, 32 Tex.Cr.R. 112, 22 S.W. 405 (1893).

The longstanding rule in Texas criminal cases was stated in Branch's Ann. P.C., 2nd Ed., Vol. 1, § 370, p. 392:

"While the statute requires a witness to be sworn, yet this is a right which defendant can waive. If he desires the witness sworn, diligence requires that he should see to it during the trial. It is too late after verdict to complain for the first time that a witness was not sworn even if the witness testified for the State. *Goldsmith v. State*, 32 Crim. 115 [32 Tex.Cr.R. 112], 22 S.W. 405; *Ogden v. State*, 58 S.W. 1018; *Coleman v. State*, 43 Crim. 15, 63 S.W. 322; *Dodd v. State*, 44 Crim. 480, 72 S.W. 1015; *Barnes v.*

---

**2.** *Jimenez* dealt with the sufficiency of the evidence to support guilty pleas in felony cases under Article 1.15, V.A.C.C.P. *Jimenez* did not involve the unsworn testimony of any witness. There was a jury waiver supposedly containing a written judicial "confession" but which was unsworn, and which was not introduced into evidence. In passing, and totally unnecessary to the opinion, it was noted that since common law times an oath was a fundamental and essential requirement before a witness' testimony has bending force. The *Jimenez* opinion then merely added, "If the witness affirms, however, rather than takes an oath, such affirmance has the same effect as an oath. See 61 Tex.Jur.2d, Wit-

nesses, Section 125 (1963 Edition); 41 Tex. Jur.2d, Oath and Affirmation, Section 1, (1963 Edition); Arts. 38.01, 38.02 and 38.06, V.A.C.C.P. ..."

**3.** The Court of Appeals cited Article I, § 5, Tex. Const.; Articles 38.01, 38.02 and 38.06, V.A.C. C.P.; 41 Tex.Jur.2d, Oath and Affirmation, § 1 (1963); 61 Tex.Jur.2d, Witnesses, § 125 (1963), and "See also *Santillian v. State*, 147 Tex.Cr.R. 554, 182 S.W.2d 812, 813 (Tex.Cr.App.1944). The Texas constitutional provision and *Santillian* were not cited in *Jimenez*.

*State*, 61 Crim. 37, 133 S.W. 887; *Porter v. State*, 137 Crim. 473, 131 S.W.2d 964; *Villarreal v. State*, 152 Crim. 369, 214 S.W.2d 464." See also *Spriggs v. State* [163 Tex.Cr.R. 167], 289 S.W.2d 272 (Tex. Cr.App.1956); *Brown v. State*, [171 Tex. Cr.R. 692], 353 S.W.2d 425 (Tex.Cr.App. 1961); Tex.Jur.3rd, Vol. 24, § 3264, p. 652.

In *Porter v. State*, supra, it is stated 131 S.W.2d at pp. 964–965:

"A defendant can waive almost any right except the right of trial by jury in a capital case. Consequently, though he may have had the right to demand that he be sworn, still he could waive such right or refuse to make any reply to the inquiry of the trial court. Not having availed himself of his privilege, the presumption obtained that he waived whatever legal right he may have had." See also *Villarreal v. State*, supra.

A like rule prevails in Texas civil cases. Any error attending failure to swear a witness is waived by failure to object if both parties are present. Where a party sits and allows an unsworn witness to testify without objection, he thereby waives such irregularity. *Cauble v. Key*, 256 S.W. 654 (Tex.Civ.App.1923). And in *Trammel v. Mount*, 4 S.W. 377, 379 (Tex.1887), the Texas Supreme Court stated: "The appellant allowed the witness to give his testimony without being sworn, and thereby waived any objections to it on that account." [4] See also *Stair v. Smith*, 299 S.W. 660 (Tex.Civ.App.—Austin 1927); *Vogt v. Lee*, 32 S.W.2d 688 (Tex.Civ.App. 1930) *Jefco, Inc. v. Lewis*, 520 S.W.2d 915, 924 (Tex.Civ.App.—Austin 1975).

A similar rule also prevails in federal cases. In *United States v. Odom*, 736 F.2d 104, 114 (4th Cir.1984), it was stated:

"It is well settled that the swearing of a witness is waived by failure to raise the point *during the witness' testimony*, thus denying the trial court an opportunity to correct what has been characterized as an "irregularity." (Emphasis supplied.) See also *Wilcoxon v. United States*, 231 F.2d 384, 387 (10th Cir.1956), cert. den. 351 U.S. 943 [76 S.Ct. 834, 100 L.Ed. 1469]; *Beausoliel v. United States*, 107 F.2d 292 (D.C.Cir.1939); *United States v. Perez*, 651 F.2d 268, 273 (5th Cir.1968).

In 98 Corpus Juris Secundum, Witnesses, § 320e, it is written:

"Both in civil and in criminal trials, and in administrative hearings conducted without traditional court retrial, the right to object to the failure to have a witness properly sworn may be waived by failing to object in time or by express consent." See also *Muller v. State*, 456 P.2d 903 (Okla.Cr.App.1969); *Larsen v. Wyoming*, 686 P.2d 583 (Wyo.1984).

In 81 Am.Jur.2d, Witnesses, § 414, p. 425, it was also written:

"The oath requisite to qualify a person as a witness may be waived by competent parties in interest either expressly or by going forward in the matter without inquiry or objection. Irregularity in failing to swear a witness is waived where he is permitted to testify without objection interposed unless, according to some authorities, the fact was unknown at the time...."

In *Cady v. Norton*, 31 Mass. (14 Peck) 236, 237 (1833), the court stated two justifications to support the rule of waiver: first, the defect could have been corrected if a timely objection had been made; second, in the absence of a waiver rule counsel might deliberately avoid objecting to a witness being unsworn in order to have a ground of appeal.

And more recently in restating the rule of waiver the court in *Arizona v. Navarro*, 645 P.2d 1254 (Court of Appeals, Div. 2—Arizona 1982), wrote: "This is because an alleged error in swearing can easily be cured if the objection is raised at the time. See *People v. Duffy*, 110 Cal.app. 631, 294

---

4. *Trammell v. Mount*, supra, is cited in many of the Texas criminal cases and some out-of-state cases.

P. 296 (1930)." *Beck v. State,* 647 S.W.2d 55 (Tex.App.—El Paso 1983).

Some cases have addressed what action is possible if the objection is timely. In *Saxton v. State,* 389 So.2d 541 (Ala.Cr.App. 1980), no objection was made until the conclusion of direct examination. The court did not err in then swearing the witness and allowing him to repeat his former testimony and overruling motion for mistrial. See also *State v. Morrow,* 63 Wash. 297, 115 P. 161 (1911); *Comm. v. Keck,* 148 Pa.St. 639, 24 A. 161 (1892); *Hewlett v. State,* 517 S.W.2d 760, 766 (Tenn.Cr.App. 1974);[5] *In re Simmons Children,* 177 S.E.2d 19 (W.Va.1970). The court may also instruct the jury not to consider such evidence. *In re Simmons Children,* supra; *State v. Williams,* 49 W.Va. 220, 38 S.E. 495 (1901); *Jackson v. State,* 493 S.W.2d 158, 159 (Tex.Cr.App.1973).

In absence of a timely objection, unsworn testimony does not constitute a nullity. *M.V. Superior Court of Shasta County,* 4 Cal.3d 370, 93 Cal.Rptr. 752, 482 P.2d 664 (1971). Where the fact is known at the time, the defect must be taken advantage of at once or the failure to do so is acquiescence in the testimony. *People v. Duffy,* 110 Cal.App. 631, 294 P. 496 (1930). Failure to object timely serves to waive any argument that the testimony was not properly admitted, *Brown v. Ristich,* 36 N.Y.2d 183, 366 N.Y.S.2d 116, 325 N.E.2d 533 (1975), and it may be considered the same as any other evidence in the case. *Hamlin v. Univ. of Idaho,* 67 Idaho 570, 104 P.2d 625 (1940).

In *New Mexico v. Embrey,* 62 N.M. 107, 305 P.2d 723 (1956), it was held that the testimony of an unsworn person given or made in the presence of the trial judge and of the parties and their attorneys under circumstances that they knew or should have known what the unsworn individual was doing or saying, "may be considered

by the jury as that of any sworn witness." If the objection is not promptly made, it is too late to complain in a motion for new trial.

■ Nearly all the cases teach that the objection must be timely. The objection to unsworn testimony comes too late if made after the verdict, 1 Branch's Ann.P.C., 2nd Ed., § 370, p. 392, or on motion for new trial. *Goldsmith v. State,* supra. It does not appear that if all parties are present, that a party may sit and allow an unsworn witness to testify without objection without waiving the irregularity. *Cauble v. Key,* supra. Advantage of the defect in oath-taking must be taken immediately upon the fact becoming known. *People v. Halberlin,* 272 Cal.App.2d 711, 77 Cal.Rptr. 553 (1969). Where the unsworn testimony is given in the presence of the trial judge, the parties and their attorneys and under circumstances that they knew or should have known what the unsworn individual was doing and saying, the objection should be promptly made. *New Mexico v. Embrey,* supra. In *Moore v. State,* 96 Tenn. 209, 33 S.W. 1046 (1896), quoted in *Hewlett v. State,* 517 S.W.2d 760 (Tenn.Cr.App.1974), it was noted that the irregularity (failure to swear witness) could have been easily remedied if the trial court's attention had been called to it. There, after direct examination, the defendant proceeded to cross-examine the witness. The court wrote:

"Having thus gone forward without inquiry or objection, it must now be taken that there was an implied waiver of the oath of the witness which is conclusive on the prisoner as well as the State." See also 81 Am.Jur.2d, Witnesses, § 414, p. 425.

In 98 C.J.S., Witnesses, § 320e, pp. 22–23, it is written:

"Accordingly, it has been held that, in order to prevent waiver of an objection

---

**5.** In *Hewlett,* supra, it was observed that the admission of unsworn testimony was a mere irregularity. Here, upon objection, the witness was sworn and answered in the affirmative when asked if his prior testimony was true. The trial judge then had the witness take a

special oath that his prior testimony was the truth, the whole truth and nothing but the truth. When a witness reaffirms testimony he gave before he was sworn, such testimony becomes competent. *Murphy v. State,* 25 Ala.App. 237, 144 So. 114 (1932).

that a witness has not been properly sworn, objection should be made during the trial, or before verdict or while the defect is capable of being remedied and where a witness is permitted to testify without being sworn, a waiver will be presumed." See also *Pooley v. State,* 116 Ind.App. 799, 62 N.E.2d 484 (1945).

In its initial holding the Court of Appeals in *Beck v. State,* 647 S.W.2d at 57–58, observed:

> "It is apparent from the record that the alert defense counsel was aware of the error at its inception and walked the time-honored defensive line of trying to preserve error without provoking a cure."

Obviously aware the oath had not been administered, appellant's counsel carefully did not cross-examine Lopez, the fingerprint expert. Clearly he sought to avoid the waiver rule by not cross-examining the witness. See *Moore v. State,* supra. When the known prints of the appellant (State's Exhibit No. 19) taken by Lopez were offered into evidence, appellant's counsel offered only a "no proper predicate" objection. This was no objection at all. *Canada v. State,* 589 S.W.2d 452 (Tex.Cr.App.1979); *Quinones v. State,* 592 S.W.2d 933 (Tex.Cr.App.1980); *Williams v. State,* 596 S.W.2d 862 (Tex.Cr.App.1980). When the pen packet was offered, the objection was directed to its admission. Counsel did not specifically call the court's attention to the lack of an oath on Lopez's part or ask that the defect be cured. Counsel waited until jury argument and then "instructed" the jury that the evidence of the prior conviction could not be considered. Even then he did not object, although at that time it still was not too late for Lopez to have been sworn and to repeat his testimony. See Article 36.02, V.A.C.

C.P.[6] Apparently as part of his strategy counsel, even after checking with the court reporter, did not object to the failure to swear Lopez but chose to rely on his own "instruction" to the jury not to consider the evidence as to the prior conviction as it was not properly before them. The trial court by its action "adopted" the instruction and let it stand.

■ If the contention in ground of error No. 2 is as the Court of Appeals viewed it, then the appellant failed to timely object to the unsworn testimony and thus waived any claim that the testimony was not properly admitted. If it can be argued appellant made a timely objection to the failure to swear Lopez, then the error was cured by the jury "instruction" not to consider. See *Jackson v. State,* 493 S.W.2d 158, 159 (Tex.Cr.App.1973);[7] *In re Simmons Children,* supra.

The judgment of the Court of Appeals is reversed, and since all ground of error have been disposed of, the judgment of the trial court is affirmed.

CAMPBELL, J., concurs in the result.

CLINTON, TEAGUE and MILLER, JJ., dissent.

---

**6.** Article 36.02, supra, provides:
"The court shall allow testimony to be introduced at any time before the argument of a cause is concluded, if it appears that it is necessary to a due administration of justice." See *Northcutt v. State,* 478 S.W.2d 935 (Tex.Cr.App.1972); *Castillo v. State,* 494 S.W.2d 844 (Tex.Cr.App.1973).

**7.** In *Jackson v. State,* supra, the error at the penalty stage of the trial when a copy of the judgment and sentence was introduced without the defendant being identified as the person previously convicted was cured by the court's instruction to the jury to disregard the testimony of the State's witness.