TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-94-00653-CR







Timothy Demond Lewis, Appellant



v.



The State of Texas, Appellee







FROM THE CRIMINAL DISTRICT COURT NO. 3 OF DALLAS COUNTY


NO. F-9342558-KSJ, HONORABLE MARK TOLLE, JUDGE PRESIDING







PER CURIAM


 A jury found appellant guilty of murder and assessed punishment at imprisonment
for fifty years. Penal Code, 63d Leg., R.S., ch. 399, sec. 1, § 19.02, 1973 Tex. Gen. Laws 883,
913, amended by Act of May 28, 1973, 63d Leg., R.S., ch. 426, art. 2, § 1, 1973 Tex. Gen.
Laws 1122, 1123 (Tex. Penal Code Ann. § 19.02, since amended). We will affirm. 

 In his only point of error, appellant complains of the admission of two exhibits at
the punishment stage of trial. The exhibits, State's exhibits 24 and 25, contain documents
reflecting that Timothy Lewis was adjudicated delinquent in 1990 and 1991. Appellant contends
the exhibits should not have been introduced because he was not shown to be the Timothy Lewis
in question.

 Appellant's only objection to the exhibits was that "there's an improper predicate
laid on these particular documents." This objection was too general to preserve error. Beck v.
State, 719 S.W.2d 205, 214 (Tex. Crim. App. 1986); Bird v. State, 692 S.W.2d 65, 70 (Tex.
Crim. App. 1985). 

 Appellant's contention is without merit in any event. The adjudication order in
each exhibit recites that Timothy Lewis appeared in juvenile court with his mother, Lillian Lewis,
and that Timothy Lewis was adjudicated delinquent and placed on probation. The signatures of
Timothy and Lillian Lewis appear on the written terms and conditions of probation in each
exhibit. Appellant's mother, Lillian Lewis, was called as a witness and identified these signatures
as being hers and appellant's. This evidence is sufficient to identify appellant as the person
previously adjudicated delinquent. 

 The point of error is overruled and the judgment of conviction is affirmed.


Before Chief Justice Carroll, Justices Aboussie and Jones

Affirmed

Filed: May 31, 1995

Do Not Publish