Opinion issued June 30, 2005



                                                    














In The
Court of Appeals
For The
First District of Texas
 

 
 
NO. 01-04-00840-CR
__________
 
KEVIN ANDREW OWENS, Appellant
 
V.
 
THE STATE OF TEXAS, Appellee
 

 
 
On Appeal from the 56th District Court
Galveston County, Texas
Trial Court Cause No. 02 CR 2860
 

 
 
MEMORANDUM OPINION
          A jury found appellant, Kevin Andrew Owens, guilty of the offense of
aggravated robbery.


 After finding true the allegation in a single enhancement
paragraph that appellant has a prior felony conviction, the trial court assessed his
punishment at confinement for 25 years. In three issues, appellant contends that (1)
he was denied the right of due process


 because the initial identification of him by the
complainant was conducted in a suggestive manner, (2) the trial court erred in
admitting, over his objection, evidence of several alleged prior convictions without
proving that he was the person named in the convictions, and (3) the trial court erred
in not submitting to the jury a charge on a lesser-included offense. We affirm.                                   Factual and Procedural Background
          Cynthia Wilson, the complainant, testified that, on the evening of December
3, 2002, appellant entered her small mailing business, got a cup of water from the
water cooler, walked up to the counter area, and asked the complainant about
shipping a package to Florida. Appellant, who was “face to face” with the
complainant, then told the complainant to “put all the money in the bag and I won’t
hurt you.” The complainant attempted to dissuade appellant from proceeding with
the robbery, and appellant repeated his instructions. The complainant looked down,
and saw that appellant was holding a hunting knife against the counter. The
complainant testified that the silver-colored knife had a serrated edge and that the
shaft of the knife was approximately eight inches in length. The complainant then
took approximately $65 dollars from the register and placed it into a plastic bag
provided by appellant. Appellant grabbed the bag and ran out of the store, dropping
some of the money during his exit. The complainant called Galveston Police Officer
S. Arena, who had visited her store prior to the robbery. When Arena arrived, the
complainant provided him with a description of the robber. The complainant stated
that the robber was a young white male, between the ages of 18 and 22 or 23, of slight
build, approximately 5'6" or 5'7", and wearing a white or light-colored T-shirt with
color across the chest area and dark long pants.
          When the complainant began cleaning up the store and counting money, she
noticed that appellant had left his paper drinking cup on the counter. She told a
police officer, who attempted to obtain a scent from the cup for purposes of tracking
the suspect with a dog. Approximately forty-five minutes after the robbery, officers
brought appellant back to the scene, and the complainant identified him as the robber. 
          Galveston Police Officer J. Schwartz, of the department’s canine unit, testified
that on December 3, 2002, he was called to the complainant’s mail store to investigate
a robbery. Officer Schwartz met with the complainant, who described the robber as
a white, younger male, with short cut hair, and wearing a shirt with a stripe and dark
pants. Schwartz then left the store in an attempt to locate anyone in the area matching
the complainant’s description. Officer S. Arena testified that on December 3, 2002,
he received a page from the complainant, and when he called the complainant, she
told him that she had just been robbed at knife point. Arena proceeded to the scene, 
met with the complainant, obtained a description of the suspect, and broadcasted the
description to other officers. Arena then secured the crime scene. Arena first came
into contact with appellant at the police station after appellant had been identified by
the complainant at the scene. Arena searched appellant, and located $48 in
appellant’s clothing.Identification
          In his first issue, appellant argues that he was denied the right of due process
because the initial identification of him by the complainant was conducted in such a
manner as to suggest whom the complainant should identify. Appellant asserts that
the identification procedure was impermissibly suggestive and that the officers should
have instead conducted a line-up. 
          During her testimony, the complainant identified appellant, without objection,
as the person who robbed her store. The complainant also testified that, at the time
of the robbery, appellant, who had close-cropped hair, was wearing a light-colored
T-shirt with some color across the chest and dark pants. Subsequently, when the
State began to ask the complainant about her pretrial identification, appellant objected
and requested that the court conduct a hearing on appellant’s motion to suppress the
complainant’s identification. 
          The trial court then conducted a hearing on appellant’s motion outside the
presence of the jury. During this hearing, appellant called Officer Schwartz. 
Schwartz testified that on the evening of December 3, 2002, he received a call about
a robbery and proceeded to the scene. When he arrived, the complainant described
the robber as a white male with close cut hair, wearing a light colored T-Shirt with
a stripe, and dark colored pants. Schwartz left the store and, within 30 minutes, found
appellant, who matched the exact description of the suspect and was wearing the
clothing described by the complainant, two blocks away. He placed appellant in
handcuffs and transported him to the scene, where the complainant identified
appellant as the robber. After the complainant identified appellant, Schwartz also
performed a track with a dog trained in scent discrimination, using the paper drinking
cup used by appellant at the scene. 
          After Schwartz testified, appellant argued in support of his motion that there
was no warrant issued for appellant’s arrest and that “there was no articulable facts
. . . that would say that [appellant] was the individual [the officer] was looking for.” 
Appellant also argued that the officers should have taken him to the station and
performed a line-up rather than bring him to the scene for identification. The trial
court overruled appellant’s motion.
          A pretrial identification procedure may be so suggestive and conducive to
mistaken identification that subsequent use of that identification at trial would deny
the accused due process of law. Simmons v. United States, 390 U.S. 377, 384, 88 S.
Ct. 967, 971 (1968); Barley v. State, 906 S.W.2d 27, 32–33(Tex. Crim. App. 1995).
A court should conduct a two-step analysis to determine the admissibility of an
in-court identification and ask (1) whether the pretrial identification procedure was
impermissibly suggestive and, if so, (2) whether the suggestive procedure created a
very substantial likelihood of irreparable misidentification. Simmons, 390 U.S. at
384, 88 S. Ct. at 971; Barley, 906 S.W.2d at 33. A defendant bears the burden of
establishing by clear and convincing evidence that the pretrial identification
procedure was impermissibly suggestive. Barley, 906 S.W.2d at 33–34. A court
must examine the totality of the circumstances surrounding the identification. Id. at
33. 
          If a court finds that a pretrial identification procedure was impermissibly
suggestive, it must then consider the factors enumerated in Neil v. Biggers to
determine whether the suggestive procedure gave rise to a substantial likelihood of
irreparable misidentification. 409 U.S. 188, 199–200, 93 S. Ct. 375, 382 (1972). 
These non-exclusive factors are (1) the witness’s opportunity to view the criminal,
(2) the witness’s degree of attention, (3) the accuracy of the witness’s description of
the suspect, (4) the level of certainty at the time of confrontation, and (5) the time
between the crime and confrontation. Id. at 199–200. These five factors are treated
as issues of fact and are viewed in the light most favorable to the trial court’s ruling. 
Ibarra v. State, 11 S.W.3d 189, 195–96 (Tex. Crim. App. 1999). The five factors are
then reviewed de novo against “the corrupting effect” of the suggestive pretrial
identification procedure. Id.; Loserth v. State, 963 S.W.2d 770, 773–74 (Tex. Crim.
App. 1998). 
          The State essentially concedes that the complainant’s on-the-scene
identification has some degree of suggestiveness, but we conclude that the procedures
used by the police were not impermissibly suggestive. The Court of Criminal
Appeals has noted that the use of on-the-scene identification may be necessary. 
Garza v. State, 633 S.W.2d 508, 512 (Tex. Crim. App. 1982). First, by viewing the
alleged suspect immediately after the commission of the offense, a witness is allowed
to test his recollection while his memory is still fresh and accurate. Id. Additionally,
such identification facilitates the quick confirmation or denial of whether the assailant
has been apprehended and expedites the release of innocent persons. Id. 
Furthermore, such procedures permit police officers to release innocent persons and
continue their search for the suspect while he may still be within the area. Id.


          Additionally, we hold that the complainant’s identification of appellant was
sufficiently reliable to be admissible. The complainant testified that she was face-to-face with appellant during the commission of the robbery. The complainant further
testified that appellant was at the counter for at least one and one-half minutes and
that she observed appellant for three minutes. The complainant’s testimony indicates
that the lighting in the store was adequate, and that appellant was not wearing any
sort of disguise or cover over his face. The complainant was able to provide a
detailed description of appellant, which was consistently reported by the officers and
has been largely unchallenged. The complainant identified appellant at the scene
forty-five minutes after the robbery and testified that appellant’s face was “fresh in
her memory.” Thus, we hold under the circumstances of this case, there was not a
very substantial likelihood of irreparable misidentification.
          We overrule appellant’s first issue.
Prior Convictions
          In his second issue, appellant contends that it was improper for the trial court
to admit evidence of prior convictions without any proof that appellant and the person
identified in those convictions were the same person. We review a trial court’s
decision to admit evidence under an abuse of discretion standard. Green v. State, 934
S.W.2d 92, 101–02 (Tex. Crim. App. 1996).
          In the punishment phase of trial, appellant pleaded true to the enhancement
paragraph of the indictment stating that, prior to the commission of this offense, on
February 23, 2000, he was convicted of the felony offense of aggravated robbery in
cause number 99CF1275 in the Circuit Court of Winnebago County, Illinois. The
State then sought to introduce an exhibit, which included a letter from the Clerk of
the Circuit Court of Winnebago County, Illinois, enclosing certified copies of a
judgment and sentence in cause number 99CF1275, for the offense of aggravated
robbery; a judgment and sentence in cause number 99CF1276, for the offense of
forgery; and a judgment and sentence in cause number 99CF3320, for the offense of
robbery. All of these documents identified the defendant as “Kevin Owens.” 
Appellant objected to the admission of these convictions on grounds that they were
not authenticated and that there was nothing in the documents that would indicate that
appellant was the person identified in the convictions. The trial court overruled
appellant’s objection.
          The Code of Criminal Procedure provides that, during the punishment phase,
a trial court may admit evidence of prior criminal convictions. Tex. Code Crim.
Proc. Ann. art. 37.07, § 3(a) (Vernon Supp. 2004-2005). Certified copies of
convictions are admissible. Tex. R. Evid. 901(b)(7); Beck v. State, 719 S.W.2d 205,
210 (Tex. Crim. App. 1986); Perez v. State, 21 S.W.3d 628, 630 (Tex.
App.—Houston [1st Dist.] 2000, no pet.). However, these documents, standing alone,
are normally not sufficient to prove a prior conviction. Beck, 719 S.W.2d at 210. 
Rather, the State must present independent evidence sufficient to support a finding
that the defendant on trial is the same person as the one named in the conviction. Id.;
Perez, 21 S.W.3d at 630.
          As to the conviction for the offense of aggravated robbery, appellant pleaded
true to this offense, and there was no need for the State to offer any additional
evidence establishing that appellant was the person identified in this conviction. See
Beck, 719 S.W.2d at 210; Rascon v. State, 496 S.W.2d 99, 102 (Tex. Crim. App.
1973). As to the forgery conviction, this conviction specifically refers to the
aggravated robbery, admitted to by appellant, and states that the sentences for both
offenses are to run concurrently.


 Thus, the State presented independent evidence
sufficient to support a finding that appellant is the person named in the forgery
conviction. We hold that the trial court did not err in admitting the aggravated
robbery and forgery convictions.
          However, there is nothing in the record which sufficiently ties the robbery
conviction to the other two convictions, and the State did not provide any other
independent evidence sufficient to support a finding that appellant is the person
named in the robbery conviction. Although appellant has not demonstrated how he
was harmed in the admission of the robbery conviction, we note that any error in the
trial court’s admitting this one conviction was harmless. Tex. R. App. P. 44.2. 
Appellant was convicted of the first degree felony of aggravated robbery and pleaded
true to the fact that he had a prior felony conviction for aggravated robbery. The
punishment range for the offense, with the enhancement allegation, was imprisonment
for life, or any term of not more than 99 years, or less than 15 years. Tex. Pen. Code
Ann. § 12.42(c)(1) (Vernon Supp. 2004-2005); Tex. Pen. Code Ann. § 29.03(b)
(Vernon 2003). The trial court could also have imposed a fine not to exceed $10,000. 
Id. The State requested a sentence of at least 30 years; the appellant requested a
sentence at “the low end of the punishment range.” In entering a sentence of 25
years, which was in the lower range of punishment, the trial court noted that the
appellant “seem[ed] to be bent on these armed robberies which are violent offenses,
even if no one was physically hurt in this one, and it’s a very serious offense.” Thus,
the record indicates that, in assessing punishment, the trial court focused on the
violent circumstances of the aggravated robbery at issue and appellant’s prior
commission of another aggravated robbery, to which appellant had previously
admitted. 
          We overrule appellant’s second issue.
                                         Lesser-Included Offense
          In his third issue, appellant contends that he requested that a lesser-included
offense be included in the jury charge, but that no such charge was submitted by the
Court. 
          The record establishes that, prior to commencement of trial, appellant asked the
trial court if the jury would receive an explanation that it could find him guilty of a
lesser offense. The court stated that was possible and that if there was evidence of
a lesser-included offense, then it could be submitted to the jury.


 At the end of the
guilt phase of the trial, the trial court presented the proposed charge, which did not
contain any reference to lesser-included offenses, and neither side objected to the
proposed charge.  
          Appellant did not request a charge on any lesser-included offense at trial. The
only time appellant raised the issue was during a general discussion of the law on
lesser-included offenses, prior to trial. Even if the evidence supported the submission
of a charge on a lesser-included offense, which we do not decide, appellant’s failure
to request a charge or to object to an omission from the charge constitutes waiver. 
Kinnamon v. State, 791 S.W.2d 84, 96 (Tex. Crim. App.1990) (overruled on other
grounds, Cook v. State, 884 S.W.2d 485, 491 (Tex. Crim. App. 1994)); Mohammed
v. State, 127 S.W.3d 163, 169 (Tex. App.—Houston [1st Dist.] 2003, no pet.). 
Therefore, we hold that appellant waived this issue for our review.
          We overrule appellant’s third issue.
Conclusion
          We affirm the judgment of the trial court.
 
 
                                                                        Terry Jennings
                                                                        Justice
 
Panel consists of Chief Justice Radack and Justices Jennings and Hanks.
Do not publish. Tex. R. App. P. 47.2(b).