COURT
OF APPEALS

                                         SECOND
DISTRICT OF TEXAS

                                                     FORT
WORTH

 

 

                                           NO.
2-07-397-CR

 

 

RAY ORTIZ                                                                          APPELLANT

 

                                                      V.

 

THE STATE OF TEXAS                                                                 STATE

 

                                                  ------------

 

         FROM
CRIMINAL DISTRICT COURT NO. 2 OF TARRANT COUNTY

 

                                                  ------------

 

                                  MEMORANDUM
OPINION[1]

 

                                                  ------------

I.  Introduction








Appellant Ray Ortiz appeals
his convictions for aggravated assault with a deadly weapon, to-wit: a firearm
and for unlawful possession of a firearm by a felon.  In two points, Ortiz contends that the trial
court erred by (1) admitting evidence of his prior felony conviction to prove
at the guilt-innocence stage of the trial that he was a felon because the
evidence was insufficient to establish that he was the person previously
convicted and (2) refusing his requested limiting instruction in the punishment
charge.  We will affirm.

II.  Brief Factual and Procedural Background[2]

Gerald Whisenhunt testified
at trial that as he stood by his car on the side of the road talking on his
cell phone Ortiz approached him brandishing a gun.  Ortiz said, AI=m going to
shoot you, bitch.@  Whisenhunt ran and hid and called 911.  Police responded to Whisenhunt=s 911 call, picked him up, and eventually took him to a location where
a car, matching the description that Whisenhunt provided for the car Ortiz had
been riding in, had been detained. 
Whisenhunt identified Ortiz at the scene.








The jury also heard testimony
from Deputy Kaiser, who works in the identification section of the Tarrant
County Sheriff=s
Department.  He took inked fingerprints
from Ortiz at trial and testified that they matched the inked fingerprints on
the jail card that the Tarrant County Sheriff=s Department had on file for Ray Ortiz and that the county
identification (CID) number on the jail card matched the CID number on State=s Exhibit 46, the judgment, indictment, and docket sheet in the felony
case the State was using to prove that Ortiz was a convicted felon.  Following Deputy Kaiser=s testimony, the State published State=s Exhibit 46 in summary form:

The
dep B the
deputy has noted State=s 46
is a judgment and a sentence reflecting that in the Criminal District Court
Number 4 of Tarrant County, Texas, in cause Number 0907339 on June 30th of
2004, that this Defendant was convicted of the offense of aggravated assault
with a deadly weapon; to wit, a firearm and that he received two years in the
Institutional Division of the Texas Department of Criminal Justice. 

 

Thereafter, the jury found Ortiz guilty of
aggravated assault with a deadly weapon as charged in the indictment and guilty
of unlawful possession of a firearm by a felon as charged in the
indictment.  The jury assessed Ortiz=s punishment at twelve years= confinement on the aggravated assault and six years= confinement on the unlawful possession of a firearm.  The trial court sentenced Ortiz accordingly
and ordered the sentences to run concurrently. 
This appeal followed.

III.  Evidence Sufficiently Establishes Ortiz
Committed Prior Felony

In his first point, Ortiz
argues that the trial court erred by admitting evidence of his prior felony
conviction.  Ortiz claims that the
evidence is insufficient to prove he was the person convicted in the prior
judgment in Cause No. 0907339D because the judgment bears the name ARelles Ortiz@ and does
not contain a CID number; Ortiz argues that the State linked him only to a
particular CID number.  








To establish that a defendant
has been convicted of a prior offense, the State must prove beyond a reasonable
doubt that (1) a prior conviction exists, and (2) the defendant is linked to
that conviction.  Flowers v. State,
220 S.W.3d 919, 921 (Tex. Crim. App. 2007). 
No specific document or mode of proof is required to prove these two elements.  Id. 
While evidence of a certified copy of a final judgment and sentence may
be a preferred and convenient means, the State may prove both of these elements
in a number of ways, including documentary proof (such as a judgment) that
contains sufficient information to establish both the existence of a prior
conviction and the defendant=s identity as the person convicted. 
Id. at 921B22.  Any type of evidence, documentary or
testimonial, might suffice.  Id. at
922.  Additionally, the State may
establish a prior conviction by admitting certified copies of a judgment and a
sentence and authenticated copies of the Texas Department of Corrections (n/k/a
Texas Department of Criminal JusticeCInstitutional Division) records, including fingerprints, supported by
expert testimony identifying them as identical with known prints of the
defendant.  Beck v. State, 719
S.W.2d 205, 209 (Tex. Crim. App. 1986). 
The factfinder looks at the totality of the evidence to determine
whether the State proved the prior conviction beyond a reasonable doubt.  Flowers, 220 S.W.3d at 923.








Here, Deputy Kaiser took
Ortiz=s fingerprints during the trial, labeled them as State=s Exhibit 44, and compared them to State=s Exhibit 45, a certified copy of the Tarrant County Sheriff=s Office=s jail card
that contained existing fingerprints for Ray Ortiz.  In comparing the trial fingerprints to those
on the jail card, Deputy Kasier testified that both contain the fingerprints of
Ray Ortiz because he found fifteen points of comparison on one and eighteen
points on the other.[3]  Deputy Kaiser stated that the jail card also
reflected the unique CID number[4]
assigned to Ortiz, his name, and his date of birth.  








Deputy Kaiser also reviewed
State=s Exhibit 46, which consisted of the judgment, indictment, and
criminal docket sheet for a 2003 aggravated assault with a deadly weapon.  Deputy Kaiser testified that the name listed
on the documents comprising State=s Exhibit 46 is Relles Jose Ortiz and that the indictment contains the
same CID number as the jail card. 
Moreover, because the documents contained the same CID number, Deputy
Kaiser testified that the person named on the print cardCRay OrtizCwas the same
as the person named in State=s Exhibit 46CRelles Jose
Ortiz.  Additionally, Ortiz=s counsel requested that Ortiz sign his name on a piece of paper, and
the name Ortiz signed was ARelles Jose Ortiz.@ 








Although the judgment
included in the documents comprising State=s Exhibit 46 does not contain Ortiz=s unique CID number, the State sufficiently linked Ortiz to the prior
conviction.  The trial fingerprints in
State=s Exhibit 44 matched those on the jail card in State=s Exhibit 45, which contained a unique CID number; that CID number
matched the CID number on the indictment that was part of State=s Exhibit 46 documenting a prior felony conviction; and the judgment
in the prior felony case shows that ARelles Jose Ortiz,@ which is how Ortiz signed his name when asked to sign his name during
trial, was convicted of the second-degree felony of aggravated assault with a
deadly weapon in 2004 and sentenced to two years= imprisonment.  Viewing the
totality of the evidence, we therefore hold that the trial court did not abuse
its discretion by allowing evidence of Ortiz=s prior felony conviction at the guilt-innocence stage of the trial
because the evidence was legally sufficient to prove beyond a reasonable doubt
that the alleged prior felony conviction existed and that Oritz was linked to
that prior felony conviction.  See
Gilmore v. State, No. 14-06-00620-CR, 2007 WL 2089294, at *6 (Tex. App.CHouston [14th Dist.] July 24, 2007, pet. ref=d) (mem. op., not designated for publication) (holding that, based on
the totality of the evidence, the State produced sufficient evidence to prove
beyond a reasonable doubt that appellant was linked to the offered prior
convictions where deputy identified the fingerprints on the jail cards as
appellant=s and thus
sufficiently linked appellant to the offenses on the cards); see also
Flowers, 220 S.W.3d at 923B25 (holding that evidence was legally sufficient to prove enhancement
paragraph beyond a reasonable doubt where trial court had certified copy of
appellant=s driver=s license record and computer printout from county to prove appellant=s prior DWI conviction).  We
overrule Ortiz=s first
point.

IV.  No Request for Limiting Instruction 

In his second point, Ortiz
argues that the trial court erred by refusing his requested limiting
instruction in the punishment charge. 
Specifically, Ortiz sought to limit the jury=s use of testimony that Ortiz was in a gang that participated in
criminal activities.  The State argues
that Ortiz waived this complaint because he failed to request a limiting
instruction when the trial court admitted the evidence. 

During the punishment phase,
Deputy Almendarez, who was responsible for gang intelligence in the Tarrant
County jails, testified as follows:

Q.  (BY MR. NICKOLS:) Did you do an investigation
to determine whether the Defendant was a member of a prison or street gang?

 








A.  Yes, I did.

 

Q.  And based upon your investigation, did you
form an opinion as to whether he was involved in a gang?

 

A.  Yes, I did.

 

Q.  And what is that opinion?

 

A.  That opinion is that he is a member of a
criminal street gang known as PTB.

 

Q.  And what does PTB stand for?

 

A.  PTB stands for Puro Tango Blast.

 

Q.  And in addition to your investigation, did
you base your opinion upon tattoos and markings you observed on the Defendant?

 

A.  That was B that
was one of the things that was looked at, correct.

 

Q.  And explain to the jury the sort of illegal
activities that PTB is involved in.

 

MR. BUSH: 
Objection, Your Honor.  This would
be hearsay and irrelevant and is an effort to introduce facts into evidence
that are inadmissible and not [sic] does not support any opinion of the
officer.

 

THE COURT: 
If the officer has personal knowledge of this, I=ll
allow him to answer.

 

MR. BUSH: 
I would make a further objection under Crawford against Washington that
would violate his right to confrontation and under the U.S. Constitution under
the Sixth Amendment.

 








THE COURT: 
All right.  I=ll
overrule that objection.  If you have
personal knowledge.

 

THE WITNESS: 
PTB members have been involved in criminal activities ranging from
murder to aggravated assault, aggravated robbery to possession charges.

 

Q.  (BY MR. NICKOLS:) They=re
dangerous?

 

A.  Correct. 

Following this exchange, the State introduced
numerous photographs of Ortiz=s tattoos, and Deputy Almendarez pointed out those that indicated gang
membership. 

Texas Rule of Evidence 105(a)
states that

[w]hen
evidence which is admissible as to one party or for one purpose but not
admissible as to another party or for another purpose is admitted, the court,
upon request, shall restrict the evidence to its proper scope and instruct the
jury accordingly; but, in the absence of such request the court=s
action in admitting such evidence without limitation shall not be a ground for
complaint on appeal.

 

Tex. R. Evid. 105(a).  The failure to request a limiting instruction
at the time evidence is presented renders the evidence admissible for all
purposes and relieves the trial judge of any obligation to include a limiting
instruction in the jury charge.  Williams
v. State, No. AP-74391, 2008 WL 2355932, at *23 (Tex. Crim. App. June 11,
2008).













Here, Ortiz did not request a
limiting instruction at the time the above testimony was provided; he waited
until the charge conference at the conclusion of the punishment phase to
request a limiting instruction, which the trial court denied.  Under controlling Texas Court of Criminal
Appeals=s precedent, Ortiz waived his right to complain of the trial court=s failure to issue a limiting instruction on the evidence of his gang
membership because he failed to request a limiting instruction at the time the
evidence was admitted.  See Williams,
2008 WL 2355932, at *23 (holding trial court did not err by failing to submit
limiting instruction in punishment charge because appellant failed to request
one when evidence was admitted); Hammock v. State, 46 S.W.3d 889, 895
(Tex. Crim. App. 2001) (holding trial court did not err by failing to submit
limiting instruction in guilt-innocence charge because appellant failed to
request one when evidence was admitted); Zavala v. State, No.
13-01-00392-CR, 2004 WL 5381456, at *4 (Tex. App.CCorpus Christi Apr. 1, 2004, pet. ref=d) (mem. op., not designated for publication) (holding that because
the evidence was admitted for all purposes without objection the first time it
was offered, the trial court did not err by denying appellant=s request for limiting instructions during punishment phase of trial);
Morales Vasquez v. State, No. 08-00-00013-CR, 2001 WL 665555, at *5
(Tex. App.CEl Paso
2001, no pet.) (not designated for publication) (holding that appellant did not
request a limiting instruction and waived his right to complain of the trial
court=s failure to issue a limiting instruction on the evidence of his gang
membership).  We overrule Ortiz=s second point.[5]

V.  Conclusion

Having overruled Ortiz=s two points, we affirm the trial court=s judgment.

 

PER CURIAM

PANEL: WALKER, HOLMAN, and GARDNER, JJ.

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED: October 16, 2008











[1]See Tex.
R. App. P. 47.4.





[2]Ortiz
challenges only the sufficiency of the evidence showing that he was the same
person who had been previously convicted of a felony; we therefore provide an
abbreviated summary of the facts of the offense.





[3]Deputy
Kaiser testified that the FBI has a national standard that ten points of
comparison are required for an absolute identification.





[4]Deputy
Kaiser testified that ACID
stands for county I.D. number.  It=s a
unique number assigned to a single individual so that every time he comes into
our system, he=ll go
back to that same CID number with whatever he=s
coming in on at that B that
time.@ 





[5]In
light of the trial court=s
limiting instruction, we decline Ortiz=s invitation to find that, even
if he failed to preserve his complaint, he suffered egregious harm.