**COURT OF APPEALS**
**SECOND DISTRICT OF TEXAS**
**FORT WORTH**


**NO. 2-07-397-CR**


RAY ORTIZ                                                                                    APPELLANT

V.

THE STATE OF TEXAS                                                                    STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 2 OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

### I. INTRODUCTION

Appellant Ray Ortiz appeals his convictions for aggravated assault with a deadly weapon, to-wit: a firearm and for unlawful possession of a firearm by a felon. In two points, Ortiz contends that the trial court erred by (1) admitting evidence of his prior felony conviction to prove at the guilt-innocence stage of the trial that he was a felon because the evidence was insufficient to establish

---

[1] *See* Tex. R. App. P. 47.4.

that he was the person previously convicted and (2) refusing his requested limiting instruction in the punishment charge. We will affirm.

## II. BRIEF FACTUAL AND PROCEDURAL BACKGROUND[2]

Gerald Whisenhunt testified at trial that as he stood by his car on the side of the road talking on his cell phone Ortiz approached him brandishing a gun. Ortiz said, "I'm going to shoot you, bitch." Whisenhunt ran and hid and called 911. Police responded to Whisenhunt's 911 call, picked him up, and eventually took him to a location where a car, matching the description that Whisenhunt provided for the car Ortiz had been riding in, had been detained. Whisenhunt identified Ortiz at the scene.

The jury also heard testimony from Deputy Kaiser, who works in the identification section of the Tarrant County Sheriff's Department. He took inked fingerprints from Ortiz at trial and testified that they matched the inked fingerprints on the jail card that the Tarrant County Sheriff's Department had on file for Ray Ortiz and that the county identification (CID) number on the jail card matched the CID number on State's Exhibit 46, the judgment, indictment, and docket sheet in the felony case the State was using to prove that Ortiz was

---

[2] Ortiz challenges only the sufficiency of the evidence showing that he was the same person who had been previously convicted of a felony; we therefore provide an abbreviated summary of the facts of the offense.

a convicted felon. Following Deputy Kaiser's testimony, the State published

State's Exhibit 46 in summary form:

> The dep – the deputy has noted State's 46 is a judgment and a sentence reflecting that in the Criminal District Court Number 4 of Tarrant County, Texas, in cause Number 0907339 on June 30th of 2004, that this Defendant was convicted of the offense of aggravated assault with a deadly weapon; to wit, a firearm and that he received two years in the Institutional Division of the Texas Department of Criminal Justice.

Thereafter, the jury found Ortiz guilty of aggravated assault with a deadly weapon as charged in the indictment and guilty of unlawful possession of a firearm by a felon as charged in the indictment. The jury assessed Ortiz's punishment at twelve years' confinement on the aggravated assault and six years' confinement on the unlawful possession of a firearm. The trial court sentenced Ortiz accordingly and ordered the sentences to run concurrently. This appeal followed.

### III. Evidence Sufficiently Establishes Ortiz Committed Prior Felony

In his first point, Ortiz argues that the trial court erred by admitting evidence of his prior felony conviction. Ortiz claims that the evidence is insufficient to prove he was the person convicted in the prior judgment in Cause No. 0907339D because the judgment bears the name "Relles Ortiz" and does not contain a CID number; Ortiz argues that the State linked him only to a particular CID number.

To establish that a defendant has been convicted of a prior offense, the State must prove beyond a reasonable doubt that (1) a prior conviction exists, and (2) the defendant is linked to that conviction. *Flowers v. State*, 220 S.W.3d 919, 921 (Tex. Crim. App. 2007). No specific document or mode of proof is required to prove these two elements. *Id.* While evidence of a certified copy of a final judgment and sentence may be a preferred and convenient means, the State may prove both of these elements in a number of ways, including documentary proof (such as a judgment) that contains sufficient information to establish both the existence of a prior conviction and the defendant's identity as the person convicted. *Id.* at 921–22. Any type of evidence, documentary or testimonial, might suffice. *Id.* at 922. Additionally, the State may establish a prior conviction by admitting certified copies of a judgment and a sentence and authenticated copies of the Texas Department of Corrections (n/k/a Texas Department of Criminal Justice—Institutional Division) records, including fingerprints, supported by expert testimony identifying them as identical with known prints of the defendant. *Beck v. State*, 719 S.W.2d 205, 209 (Tex. Crim. App. 1986). The factfinder looks at the totality of the evidence to determine whether the State proved the prior conviction beyond a reasonable doubt. *Flowers*, 220 S.W.3d at 923.

4

Here, Deputy Kaiser took Ortiz's fingerprints during the trial, labeled them as State's Exhibit 44, and compared them to State's Exhibit 45, a certified copy of the Tarrant County Sheriff's Office's jail card that contained existing fingerprints for Ray Ortiz. In comparing the trial fingerprints to those on the jail card, Deputy Kasier testified that both contain the fingerprints of Ray Ortiz because he found fifteen points of comparison on one and eighteen points on the other.[3] Deputy Kaiser stated that the jail card also reflected the unique CID number[4] assigned to Ortiz, his name, and his date of birth.

Deputy Kaiser also reviewed State's Exhibit 46, which consisted of the judgment, indictment, and criminal docket sheet for a 2003 aggravated assault with a deadly weapon. Deputy Kaiser testified that the name listed on the documents comprising State's Exhibit 46 is Relles Jose Ortiz and that the indictment contains the same CID number as the jail card. Moreover, because the documents contained the same CID number, Deputy Kaiser testified that the person named on the print card—Ray Ortiz—was the same as the person named

---

[3] Deputy Kaiser testified that the FBI has a national standard that ten points of comparison are required for an absolute identification.

[4] Deputy Kaiser testified that "CID stands for county I.D. number. It's a unique number assigned to a single individual so that every time he comes into our system, he'll go back to that same CID number with whatever he's coming in on at that – that time."

5

in State's Exhibit 46—Relles Jose Ortiz. Additionally, Ortiz's counsel requested that Ortiz sign his name on a piece of paper, and the name Ortiz signed was "Relles Jose Ortiz."

Although the judgment included in the documents comprising State's Exhibit 46 does not contain Ortiz's unique CID number, the State sufficiently linked Ortiz to the prior conviction. The trial fingerprints in State's Exhibit 44 matched those on the jail card in State's Exhibit 45, which contained a unique CID number; that CID number matched the CID number on the indictment that was part of State's Exhibit 46 documenting a prior felony conviction; and the judgment in the prior felony case shows that "Relles Jose Ortiz," which is how Ortiz signed his name when asked to sign his name during trial, was convicted of the second-degree felony of aggravated assault with a deadly weapon in 2004 and sentenced to two years' imprisonment. Viewing the totality of the evidence, we therefore hold that the trial court did not abuse its discretion by allowing evidence of Ortiz's prior felony conviction at the guilt-innocence stage of the trial because the evidence was legally sufficient to prove beyond a reasonable doubt that the alleged prior felony conviction existed and that Oritz was linked to that prior felony conviction. *See Gilmore v. State*, No. 14-06-00620-CR, 2007 WL 2089294, at *6 (Tex. App.—Houston [14th Dist.] July 24, 2007, pet. ref'd) (mem. op., not designated for publication) (holding that,

6

based on the totality of the evidence, the State produced sufficient evidence to prove beyond a reasonable doubt that appellant was linked to the offered prior convictions where deputy identified the fingerprints on the jail cards as appellant's and thus sufficiently linked appellant to the offenses on the cards); *see also Flowers*, 220 S.W.3d at 923–25 (holding that evidence was legally sufficient to prove enhancement paragraph beyond a reasonable doubt where trial court had certified copy of appellant's driver's license record and computer printout from county to prove appellant's prior DWI conviction). We overrule Ortiz's first point.

## IV. NO REQUEST FOR LIMITING INSTRUCTION

In his second point, Ortiz argues that the trial court erred by refusing his requested limiting instruction in the punishment charge. Specifically, Ortiz sought to limit the jury's use of testimony that Ortiz was in a gang that participated in criminal activities. The State argues that Ortiz waived this complaint because he failed to request a limiting instruction when the trial court admitted the evidence.

During the punishment phase, Deputy Almendarez, who was responsible for gang intelligence in the Tarrant County jails, testified as follows:

> **Q.** (BY MR. NICKOLS:) Did you do an investigation to determine whether the Defendant was a member of a prison or street gang?

7

**A. Yes, I did.**

Q. And based upon your investigation, did you form an opinion as to whether he was involved in a gang?

**A. Yes, I did.**

Q. And what is that opinion?

**A. That opinion is that he is a member of a criminal street gang known as PTB.**

Q. And what does PTB stand for?

**A. PTB stands for Puro Tango Blast.**

Q. And in addition to your investigation, did you base your opinion upon tattoos and markings you observed on the Defendant?

**A. That was – that was one of the things that was looked at, correct.**

Q. And explain to the jury the sort of illegal activities that PTB is involved in.

   MR. BUSH: Objection, Your Honor. This would be hearsay and irrelevant and is an effort to introduce facts into evidence that are inadmissible and not [sic] does not support any opinion of the officer.

   THE COURT: If the officer has personal knowledge of this, I'll allow him to answer.

   MR. BUSH: I would make a further objection under Crawford against Washington that would violate his right to confrontation and under the U.S. Constitution under the Sixth Amendment.

8

THE COURT:  All right.  I'll overrule that objection.  If you have personal knowledge.

THE WITNESS:  PTB members have been involved in criminal activities ranging from murder to aggravated assault, aggravated robbery to possession charges.

**Q.** (BY MR. NICKOLS:) They're dangerous?

**A. Correct**.

Following this exchange, the State introduced numerous photographs of Ortiz's tattoos, and Deputy Almendarez pointed out those that indicated gang membership.

Texas Rule of Evidence 105(a) states that

[w]hen evidence which is admissible as to one party or for one purpose but not admissible as to another party or for another purpose is admitted, the court, upon request, shall restrict the evidence to its proper scope and instruct the jury accordingly; but, in the absence of such request the court's action in admitting such evidence without limitation shall not be a ground for complaint on appeal.

Tex. R. Evid. 105(a).  The failure to request a limiting instruction at the time evidence is presented renders the evidence admissible for all purposes and relieves the trial judge of any obligation to include a limiting instruction in the jury charge.  *Williams v. State*, No. AP-74391, 2008 WL 2355932, at *23 (Tex. Crim. App. June 11, 2008).

9

Here, Ortiz did not request a limiting instruction at the time the above testimony was provided; he waited until the charge conference at the conclusion of the punishment phase to request a limiting instruction, which the trial court denied. Under controlling Texas Court of Criminal Appeals's precedent, Ortiz waived his right to complain of the trial court's failure to issue a limiting instruction on the evidence of his gang membership because he failed to request a limiting instruction at the time the evidence was admitted. *See Williams*, 2008 WL 2355932, at *23 (holding trial court did not err by failing to submit limiting instruction in punishment charge because appellant failed to request one when evidence was admitted); *Hammock v. State*, 46 S.W.3d 889, 895 (Tex. Crim. App. 2001) (holding trial court did not err by failing to submit limiting instruction in guilt-innocence charge because appellant failed to request one when evidence was admitted); *Zavala v. State*, No. 13-01-00392-CR, 2004 WL 5381456, at *4 (Tex. App.—Corpus Christi Apr. 1, 2004, pet. ref'd) (mem. op., not designated for publication) (holding that because the evidence was admitted for all purposes without objection the first time it was offered, the trial court did not err by denying appellant's request for limiting instructions during punishment phase of trial); *Morales Vasquez v. State*, No. 08-00-00013-CR, 2001 WL 665555, at *5 (Tex. App.—El Paso 2001, no pet.) (not designated for publication) (holding that appellant did not request a limiting instruction and

10

waived his right to complain of the trial court's failure to issue a limiting instruction on the evidence of his gang membership).  We overrule Ortiz's second point.[5]

## V. CONCLUSION

Having overruled Ortiz's two points, we affirm the trial court's judgment.

PER CURIAM

PANEL: WALKER, HOLMAN, and GARDNER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: October 16, 2008

---

[5] In light of the trial court's limiting instruction, we decline Ortiz's invitation to find that, even if he failed to preserve his complaint, he suffered egregious harm.

11