**Affirmed and Opinion Filed October 3, 2018**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-17-01191-CR

### DEZMONE DEMOND WILSON, Appellant
### V.
### THE STATE OF TEXAS, Appellee

**On Appeal from the County Court at Law No. 1**
**Kaufman County, Texas**
**Trial Court Cause No. 16-10750-CC-M**

## MEMORANDUM OPINION

Before Justices Bridges, Francis, and Lang-Miers
Opinion by Justice Francis

Dezmone Demond Wilson appeals his punishment for possession of less than two ounces of marijuana. In a single issue, appellant contends the trial court erred in admitting court records during his punishment hearing that purported to show his prior criminal history because the evidence was insufficient to show he was the person referenced in the exhibits. We affirm the trial court's judgment.

On September 26, 2017, appellant was found guilty by a jury of the offense of possession of less than two ounces of marijuana and he elected to have the trial court assess punishment. At the beginning of the punishment hearing, the State had appellant fingerprinted and the fingerprint card was admitted into evidence. The State called Shaun Ivey from the district attorney's office

as a witness. Through Ivey's testimony, the State offered evidence of previous offenses committed by appellant.

The first four exhibits offered by the State included judgments of conviction for two charges of abandoning or endangering a child with intent to return, felony theft of property, and attempted burglary of a habitation. All four judgments included appellant's name and the Texas State ID number 07555919. The exhibits also included fingerprints and charging documents that list appellant's date of birth. Ivey testified one of his duties with the district attorney's office was to conduct fingerprint analysis and the fingerprints on all four judgments matched the fingerprints appellant provided at the beginning of the hearing. Appellant did not object to the admission of these four exhibits.

Exhibit five included a judgment of conviction on a negotiated plea for the misdemeanor offense of assault family violence. The judgment contained appellant's name and State ID number, but no fingerprints. The exhibit also included the charging instrument which listed appellant's birthday, an affidavit for arrest, a signed list of conditions for community supervision, and a motion to revoke probation. All the documents named Dezmone Demond Wilson as the defendant.

Exhibit six contained a deferred adjudication judgment for misdemeanor possession of marijuana. Like exhibit five, the judgment contained appellant's name and State ID number but no fingerprints. Also like exhibit five, the exhibit included the charging instrument with appellant's birthday, an affidavit for arrest, a signed list of conditions for community supervision, and a motion to proceed with an adjudication of guilt. Again, all the documents named Dezmone Demond Wilson as the defendant.

Exhibit seven was a complaint and information for the misdemeanor offense of possession of less than two ounces of marijuana. The documents included appellant's State ID number and date of birth, but spelled the defendant's name Dezmone Dezmond Wilson. As with exhibits five

and six, exhibit seven did not include fingerprints. Appellant objected to the admission of exhibits five through seven based on the absence of fingerprints or a signature to connect the convictions to him. The trial court overruled the objection and admitted the exhibits. At the end of the hearing, the trial court assessed punishment at 140 days in the Kaufman County jail. Appellant brings this appeal challenging the trial court's admission of State's exhibits five through seven and requests reversal and remand for a new punishment hearing.

In his sole issue, appellant contends the trial court improperly admitted exhibits five through seven because the State did not provide sufficient evidence to show the offenses in those exhibits were committed by him. We review a trial court's evidentiary rulings for an abuse of discretion and will not reverse unless the decision lies outside the zone of reasonable disagreement. *See McCarty v. State*, 257 S.W.3d 238, 239 (Tex. Crim. App. 2008).

To establish that a defendant has been convicted of a prior offense, the State must prove beyond a reasonable doubt that (1) a prior conviction exists and (2) the defendant is linked to that conviction. *See Flowers v. State*, 220 S.W.3d 919, 921 (Tex. Crim. App. 2007). In addition, the State may offer evidence of an unadjudicated offense if it shows beyond a reasonable doubt that the offense was committed by the defendant. *See* TEX. CODE CRIM. PROC. ANN. art. 37.07(3)(a)(1) (West Supp. 2017). The State need not offer any specific document or mode of proof to establish the prior offense. *See Flowers*, 220 S.W.3d at 921–22. But documents evidencing a criminal record, even if they bear the name of the defendant, are normally not sufficient, standing alone, to prove prior offenses. *See Beck v. State*, 719 S.W.2d 205, 210. It is incumbent on the State to show by independent evidence that the defendant is the person made the subject of the documents. *Id*. This is frequently done by expert testimony identifying known prints of the defendant with the fingerprints in the offered criminal records. *Id*.

In this case, the State proved, and appellant does not dispute, that appellant's fingerprints matched the prints in the criminal records for Dezmone Demonde Wilson with the Texas State ID number 07555919. Ivey testified that every person in the Texas criminal justice system has a unique State ID number. Exhibits five through seven all pertain to offenses committed by a defendant with the State ID number 07555919, which is the ID number the State proved was appellant's. In addition, the defendant named in the challenged exhibits has the same birthdate as appellant. We conclude the State sufficiently linked appellant to the offenses contained in State's exhibits five, six, and seven and the trial court did not abuse its discretion in admitting them.

Even if the trial court had erred, appellant has failed to show how he was he was harmed by the admission. Appellant states only that "it cannot be said" the admission of the three exhibits did not contribute to his punishment.

The prior offenses in this case were not used for enhancement purposes, but only as evidence relevant to sentencing. We cannot reverse unless we conclude the admission of the prior offense evidence had a substantial or injurious impact on the assessment of punishment. *See Garcia v. State*, 126 S.W.3d 921, 927 (Tex. Crim. App. 2004). The exhibits to which appellant did not object showed multiple prior felony offenses including child endangerment, theft, and burglary of a habitation. In comparison, the challenged exhibits showed only misdemeanor offenses. Despite the serious nature of the undisputed portion of appellant's criminal record, the court sentenced appellant to only 140 days in jail. Examining the record as a whole, we conclude the admission of the challenged exhibits did not have a substantial or injurious impact on the assessment of appellant's punishment. *See Taylor v. State*, No. 05-16-00946-CR, 2017 WL 3301488, at *1 (Tex. App.—Dallas Aug. 3, 2017, pet. ref'd) (mem. op., not designated for publication). We resolve appellant's sole issue against him.

We affirm the trial court's judgment.

                    /Molly Francis/
                    MOLLY FRANCIS
                    JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)

171191F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

DEZMONE DEMOND WILSON, Appellant

No. 05-17-01191-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the County Court At Law No. 1, Kaufman County, Texas
Trial Court Cause No. 16-10750-CC-M.
Opinion delivered by Justice Francis. Justices Bridges and Lang-Miers participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered October 3, 2018.