

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-18-00558-CR

Rosalinda Huereca **PENA**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the County Court at Law No. 6, Bexar County, Texas
Trial Court No. 455468
Honorable Wayne A. Christian, Judge Presiding

Opinion by:   Luz Elena D. Chapa, Justice

Sitting:       Patricia O. Alvarez, Justice
              Luz Elena D. Chapa, Justice
              Irene Rios, Justice

Delivered and Filed: July 3, 2019

MOTION TO WITHDRAW GRANTED; AFFIRMED

Rosalinda Huereca Pena pled no contest to a charge of prostitution in exchange for the State's recommendation that adjudication be deferred. On June 12, 2014, the trial court deferred adjudication and placed Pena on community supervision for a period of six months. The terms of her community supervision included requirements Pena pay $632.00 in costs and fees and perform twenty-four hours of community service. In November 2014, the trial court ordered Pena to perform an additional one hundred hours of community service in lieu of payment of fees and extended the period of supervision until February 11, 2015.

On January 23, 2015, the State filed a motion to adjudicate guilt, alleging Pena had not performed the required community service. Although a capias issued that day, Pena was not arrested until June 29, 2018. The trial court held a summary proceeding on the motion to adjudicate July 3, 2018. Pena pled "not true" to the allegation she failed to complete the required community service. No sworn testimony was presented. However, Pena told the court she had performed all of the required hours of community service, and a representative of the Bexar County probation department stated his office had records showing completion of only 10.47 hours. The trial court found the allegation in the motion true, revoked Pena's community supervision, and adjudicated her guilty. The trial court fined Pena $2,000 and sentenced her to six months in jail.

Pena's court-appointed appellate attorney filed a motion to withdraw and a brief in which she concludes this appeal is frivolous and without merit. The brief demonstrates a professional evaluation of the record and meets the requirements of *Anders v. California*, 386 U.S. 738 (1967), *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. [Panel Op.] 1978), and *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969). Counsel sent copies of the brief and motion to withdraw to Pena and informed her of her rights in compliance with the requirements of *Kelly v. State*, 436 S.W.3d 313 (2014). This court then notified Pena of the deadline to request access to the appellate record and to file a pro se brief. Appellant did not request access to the appellate record and did not file a pro se brief.

We have thoroughly reviewed the record and counsel's brief. Although the statements made by Pena and the probation department representative were not made under oath, defense counsel did not object and he did not request an opportunity to cross-examine or to present further evidence. *See Beck v. State*, 719 S.W.2d 205, 211-13 (Tex. Crim. App. 1986) (holding appellant waives failure to swear witnesses by failing to timely object); *c.f.*, *Jacobs v. State*, No. 04-18-000750-CR, 2019 WL 2439108 (Tex. App.—San Antonio June 12, 2019, no pet. h.) (reversing

judgment revoking community supervision where counsel objected to informal summary proceeding and to denial of request for contested hearing with opportunity to present evidence and cross-examine witness). The record is silent as to the reasons for counsel's failure to object. *See Menefield v. State*, 363 S.W.3d 591, 592-93 (Tex. Crim. App. 2012) (holding direct appeal inadequate vehicle for raising ineffective assistance of counsel claim where record does not contain reasons or explanations for counsel's acts or omissions). The trial court was free to disbelieve Pena, and the probation department representative's statement to the court was sufficient to meet the State's burden of proving a violation of a condition of supervision by a preponderance of the evidence. *See Rickels v. State*, 202 S.W.3d 759, 763-64 (Tex. Crim. App. 2006). Accordingly, we agree with counsel the record presents no arguable grounds for appellate review and the appeal is frivolous. *See Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005).

We therefore grant the motion to withdraw filed by Pena's counsel and affirm the trial court's judgment. *See id*.; *Nichols v. State*, 954 S.W.2d 83, 86 (Tex. App.—San Antonio 1997, no pet.); *Bruns v. State*, 924 S.W.2d 176, 177 n.1 (Tex. App.—San Antonio 1996, no pet.).[1]

Luz Elena D. Chapa, Justice

DO NOT PUBLISH

---

[1] No substitute counsel will be appointed. Should Pena wish to seek further review of this case by the Texas Court of Criminal Appeals, she must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days after either this opinion is rendered or the last timely motion for rehearing or motion for en banc reconsideration is overruled by this court. *See* Tex. R. App. P. 68.2. Any petition for discretionary review must be filed with the clerk of the Court of Criminal Appeals. *See id.* R. 68.3. Any petition for discretionary review must comply with the requirements of rule 68.4 of the Texas Rules of Appellate Procedure. *See id.* R. 68.4.